IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HICA EDUCATION LOAN CORPORATION,

    Plaintiff,

v.

ZULLY DE-JESUS

    Defendant.

**Civil No. 13-1285 (SEC)**

**OPINION AND ORDER**

Before the Court is the plaintiff's unopposed motion for summary judgment. Docket # 26. After reviewing the filings and the applicable law, this motion is **GRANTED**.

**Factual and Procedural Background**

HICA Education Loan Corporation, a South Dakota citizen, is suing Zully R. De Jesus Rivera, who appears pro se, to recover monies owed under four promissory notes governed by the United States Health Education Assistance Loan Program (HEAL), 42 U.S.C. § 292 et seq. Invoking diversity (De Jesus is from Puerto Rico), HICA seeks to collect the unpaid portion of the notes and interest, which, as of April 30, 2014, together totals $88,744.15.[1]

When, as here, a properly configured motion for summary judgment stands unopposed, the uncontested, material facts should be particularly guided by the movant's unopposed Local

---

[1] HICA alternatively invokes federal-question jurisdiction, 28 U.S.C. § 1331, under the HEAL program and regulations. Docket # 1, ¶ 3 (citations omitted). But given the apparent consensus among district courts that "neither HEAL nor the federal regulations create a federal cause of action for nonpayment of a HEAL loan," e.g., HICA Ed. Loan Corp. v. Mittelstedt, No. 12-512, 2013 WL 2112233, at *1 (W.D.Wis. May 15, 2013), the Court eschews this jurisdictional ground. This is so because the Court can, on this record, determine that it has jurisdiction under 28 U.S.C. § 1332; complete diversity exists, and the amount in controversy exceeds $75,000. And because "[t]he simplest way to decide a case is often the best," Stor/Gard, Inc. v. Strathmore Ins. Co., 717 F.3d 242, 248 (1st Cir. 2013) (quoting Chambers v. Bowersox, 157 F.3d 560, 564 n.4 (8th Cir. 1998) (R. Arnold, J.)), the Court need not decide whether it has jurisdiction under § 1331.

**Civil No. 13-1285 (SEC)**                                                                                          **Page 2**

Rule 56 statement of uncontested facts, Docket # 26-1 (SUF) – of course, "so long as . . . [it is] adequately supported by the record." De La Vega v. San Juan Star, Inc., 377 F.3d 111, 116 (1st Cir. 2004).[2]

Between 1994 and 1996, De Jesus signed four HEAL promissory notes payable to The Chase Manhattan Bank, N.A. SUF ¶¶ 1-4; Docket # 26, Exhs. 1-4.[3] Collectively, the notes totaled $77,100. Id. The four notes were eventually assigned to the Student Loan Marketing Association, Docket # 26-4, p. 7, who in turn sold and assigned them to HICA, id., pp. 9-11; Docket 26-8, ¶ 6(d). Sallie Mae, Inc. is the "duly appointed and acting servicing agent for" HICA in this case. Id. ¶ 2.

De Jesus defaulted on the loans. SUF ¶¶ 7-11. And on April 10, 2013, HICA, the current holder of the notes, filed this suit to collect the unpaid portion of the notes and interest, which together sum $88,744.15 as of April 30, 2014. Dockets # 26-3, 26-8, p. 2, 26-9 (Request for Admissions).

HICA now requests that summary judgment be entered in its favor in the amount of the unpaid principal accrued, and unpaid interest for each HEAL promissory note. Dockets # 26,

---

[2] Local Rule 56 operates at the summary-judgment stage and mandates that the parties furnish brief, numbered statements of facts, supported by record citations to competent evidence. The rule "permits the district court to treat the moving party's statement of facts as uncontested," when, as here, it stands unopposed; and litigants ignore this rule "at their peril." Mariani-Colón v. Dep't of Homeland Sec., 511 F.3d 216, 219 (1st Cir. 2007). Because De Jesus's never filed an opposing statement of material facts, HICA's properly supported SUF "shall be deemed admitted . . . ." D.P.R. Civ. R. 56(e); see Alsina-Ortiz v. Laboy, 400 F.3d 77, 80 (1st Cir. 2005).

[3] The HEAL
is a program of Federal insurance of educational loans to graduate students in the fields of medicine, osteopathic medicine, dentistry, veterinary medicine, optometry, podiatric medicine, pharmacy, public health, chiropractic, health administration and clinical psychology. . . . By taking a HEAL loan, the borrower is obligated to repay the lender or holder the full amount of the money borrowed, plus all interest which accrues on the loan.

42 C.F.R. § 60.1(a).

**Civil No. 13-1285 (SEC)**                                                                                                          **Page 3**

26-3. It furnishes, among other things, the declaration of Robin Zimmermann, Senior Litigation Analyst for Sallie Mae, to support the damages sought. See Docket # 26-8, pp. 1-3.

**Standard of Review**

Summary judgment is appropriate only if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if a reasonable factfinder "could resolve the point in favor of the non-moving party," Johnson v. Univ. of P.R., 714 F.3d 48, 52 (1st Cir. 2013); a fact is material if it affects the outcome of the suit under the governing law. Maymí v. P.R. Ports Auth., 515 F.3d 20, 25 (1st Cir. 2008). At this stage, it is axiomatic that courts "may not weigh the evidence," Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668 (1st Cir. 1994), and yet must construe the record in the "light most flattering" to the nonmovant. Soto-Padró v. Public Bldgs. Authority, 675 F.3d 1 (1st Cir. 2012). Courts must similarly resolve all reasonable inferences in favor of the non-moving party. Tolan v. Cotton, 134 S. Ct. 1861, 1863 (2014) (per curiam).

Once the moving-party properly constitutes a summary-judgment motion, the burden shifts onto the nonmovant — or "the party who bears the burden of proof at trial," Geshke v. Crocs, Inc., 740 F.3d 74, 77 (1st Cir. 2014) — to "point to competent evidence and specific facts to stave off summary judgment." Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 56 (1st Cir. 2011). The nonmovant cannot rest on conclusory allegations and improbable inferences. Shafmaster v. U.S., 707 F.3d 130, 135 (1st Cir. 2013); neither "effusive rhetoric," Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997) nor "arguments woven from the gossamer strands of speculation and surmise," RTR Technologies, Inc. v. Helming, 707 F.3d 84, 93 (1st Cir. 2013), suffices to forestall the entry of summary judgment. "If the evidence is merely colorable, or is not significantly probative," the Supreme Court has instructed, "summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) (internal citations omitted). Failure to shoulder this

burden "allows the summary judgment engine to operate at full throttle." Lawton v. State Mut. Life Assur. Co., 101 F.3d 218, 223 (1st Cir. 1996).

**Applicable Law and Analysis**

As said, HICA posits that it is entitled to summary judgment against De Jesus for the monies owed on the HEAL notes. And although De Jesus never opposed this request, "an unopposed motion for summary judgment should not be granted unless the record discloses that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rivera-Torres v. Rey-Hernández, 502 F.3d 7, 13 (1st Cir. 2007); see also, e.g., NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7-8 (1st Cir. 2002) ("[A] district court may not automatically grant a motion for summary judgment simply because the opposing party failed to comply with a local rule requiring a response within a certain number of days."). For the reasons laid out below, HICA is nevertheless entitled to summary judgment.

In this diversity case, Puerto Rico law applies. Citibank Global Markets, Inc. v. Rodríguez Santana, 573 F.3d 17, 23 (1st Cir. 2009); see also HICA Educ. Loan Corp. v. Danziger, 900 F. Supp. 2d 341, 343 (S.D.N.Y. 2012) ("HICA's cause of action to recover on a promissory note is created by state law."). And under Puerto Rico law, "contracts shall be binding, regardless of the form in which they were executed, 'provided the essential conditions required for their validity exist.'" Markel Am. Ins. Co. v. Diaz-Santiago, 674 F.3d 21, 31 (1st Cir. 2012) (quoting P.R. Laws Ann. tit. 31, § 3451). Well-recognized Puerto Rico law also dictates that "obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." P.R. Laws Ann. tit. 31, § 2994. Pertinently, borrowers under the HEAL program, such as De Jesus, are required to repay the loan in accordance with the agreed "repayment schedule," 42 C.F.R § 60.8(b)(4), and to "pay all interest charges on the loan[s] as required by the lender or holder," § 60.8(b)(2). A borrower's default violates those requirements.

**Civil No. 13-1285 (SEC)**                                                                                           **Page 5**

Here, it is undisputed that De Jesus has not fulfilled her payment (and contractual) obligations under the promissory notes, see Docket # 26-8 (sworn statement of Robin Zimmermann, Sallie Mae officer). The record also makes manifest that she defaulted. See Docket # 26-9 (Request for Admissions), which in turn triggered HICA's right to "prosecute an action for such default . . . ." 42 U.S.C § 292f(h)(1).

Because there is no genuine issue of material fact about De-Jesus's liability and HICA's right to recover the monies owed on the HEAL notes, HICA is entitled to summary judgment in its favor.

**Conclusion**

For the reasons stated, the plaintiff's motion for summary judgment is **GRANTED**. Judgment will consequently be entered in favor of the plaintiff and against the defendant, in the amount of $85,230.38 in unpaid principal, plus accrued, unpaid interest in the amount of $3,513.77, and a per diem rate of $5.76 for interest due from April 30, 2014 until the date of entry of judgment. Post-judgment interest is awarded at the contractual rate set forth in the subject HEAL loans, so long as it complies with HEAL requirements.[4]

**SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of May, 2014.

*s/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge

---

[4] See 42 U.S.C. § 292d(b) ("The rate of interest prescribed and defined by the Secretary for the purpose of subsection (a)(2) (D) of this section may not exceed the average of the bond equivalent rates of the 91–day Treasury bills auctioned for the previous quarter plus 3 percentage points, rounded to the next higher one-eighth of 1 percent."); 42 U.S.C. § 292d(d) ("No provision of any law of the United States (other than subsections (a)(2)(D) and (b) of this section) or of any State that limits the rate or amount of interest payable on loans shall apply to a loan insured under this subpart.").